Matthew A. Kaplan
Nancy E. Wolff
COWAN, DEBAETS, ABRAHAMS & SHEPPARD, LLP
41 Madison Avenue, 34th Floor
New York, NY 10010
(212) 974-7474
*Attorneys for Plaintiff Masterfile Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MASTERFILE CORPORATION,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN F. ROTH d/b/a ROTH IMMIGRATION LAW FIRM a/k/a JOHN F. ROTH & ASSOCIATES,<br><br>      Defendant. | Civil Action No._____ |

## COMPLAINT

Plaintiff Masterfile Corporation ("Plaintiff" or "Masterfile"), by its undersigned attorneys, as and for its Complaint against Defendant John F. Roth d/b/a Roth Immigration Law Firm a/k/a John F. Roth and Associates ("Defendant"), herein alleges as follows:

### JURISDICTION AND VENUE

1. This claim arises under the provisions of the Copyright Act of the United States, as amended, 17 U.S.C. § 101 et seq., and is for the infringement of a copyright registered in the Copyright Office of the United States. Plaintiff alleges a claim of copyright infringement based upon Defendant's unauthorized public display and reproduction of one of Plaintiff's copyrighted images to advertise his legal services.

{A067760.DOC/6}

2. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 501 (b) and 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant in that Defendant resides in and is doing business in the State of New Jersey and in this District.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

5. Plaintiff is a well known stock photography company with its principal place of business at 3 Concorde Gate, 4th Floor, Toronto, Ontario, Canada M3C 3N7. Plaintiff is in the business of licensing reproduction rights in images to users for a fee.

6. Upon information and belief, Defendant is, and at all relevant times was, an individual doing business as Roth Immigration Law Firm a/k/a John Roth & Associates, with his principal place of business at 7 Reuten Dr., Suite D2, Closter, NJ 11545, and offices located at 210 Main Street, Nanuet, NY 10954. Upon information and belief, Defendant is an immigration attorney and maintains and/or has maintained a website for the purpose of soliciting clients at www.familyimmigration2usa.com (the "Website").

7. Upon information and belief, Defendant provides legal services to clients in New Jersey, and solicits clients in New Jersey through the Website.

## FACTS

8. Plaintiff, a stock photography company, acquires, organizes, distributes and licenses images for commercial use in media ranging from print advertising to websites.

9. Plaintiff owns and operates a website located at the URL www.masterfile.com at which professional photo users are able to search Plaintiff's database of images in order to license selected images for an appropriate license fee.

10. Plaintiff's images are acquired under exclusive contracts from professional photographers and illustrators who are paid a royalty every time an image is licensed.

11. By assignment agreements executed pursuant to contracts between Plaintiff and the photographers it represents, Plaintiff is the assignee of copyright in the images it acquires for its collection from photographers.

12. As part of its usual course of business, Plaintiff registers all images in its collection with the Copyright Office.

13. Plaintiff is the assignee of copyright in and to the image identified in Exhibit A (the "Image").

14. Plaintiff registered its copyright in and to the Image, identified in the group registration by the Image's photographer Tim Pannell, with the United States Copyright Office, and holds a valid certificate of registration in the Image. The Certificate of Registration is annexed as Exhibit B.

15. On or about September 8, 2009, Plaintiff discovered that Defendant, without having obtained a license, was displaying and using the Image on the Website to advertise his legal services. Printouts from the Website containing the Image are annexed as Exhibit C.

16. Upon information and belief, the Website is owned, operated and controlled by Defendant. A printout of the WHOIS page for the Website from www.networksolutions.com, a domain name registry, showing Defendant as the Website's domain name Registrant is annexed as Exhibit D.

17. On September 8, 2009, Plaintiff notified Defendant that Defendant's unauthorized use of the Image violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C

§ 106. Plaintiff offered Defendant an opportunity to enter into a retroactive licensing agreement or to otherwise compensate Plaintiff for his unauthorized use of the Image.

18.     Despite Plaintiff's repeated attempts to resolve the matter without litigation, Defendant refused to compensate Plaintiff for his unauthorized use of the Image on the Website.

## COUNT I

## COPYRIGHT INFRINGEMENT

19.     Plaintiff incorporates by reference each and every averment contained in paragraphs 1 through 18 above.

20.     Defendant infringed Plaintiff's copyright in the Image by reproducing and publicly displaying the Image on the Website for advertising purposes. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, display, distribute or use the Image.

21.     Defendant's conduct in reproducing and publicly displaying the Image constitutes copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501.

22.     Upon information and belief, the foregoing act of infringement by Defendant has been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

23.     As a result of the copyright infringement described above, Plaintiff is entitled to relief including, but not limited to, injunctive relief, actual or statutory damages, statutory costs, attorney's fees, pre-judgment interest and post-judgment interest.

## COUNT II

## DEFENDANT'S VICARIOUS COPYRIGHT INFRINGEMENT

24.     Plaintiff incorporates by reference each and every averment contained in paragraphs 1 through 23 above.

25. Upon information and belief, Defendant had the right and the ability to supervise or control the infringing activities.

26. Upon information and belief, Defendant received a financial benefit from the infringement.

27. Defendant's acts constitutes infringement of Plaintiff's registered copyright and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

28. Upon information and belief, the foregoing act of infringement by Defendant has been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

29. As a result of the copyright infringement described above, Plaintiff is entitled to relief including, but not limited to, injunctive relief, actual or statutory damages, statutory costs, attorney's fees, pre-judgment interest and post-judgment interest.

## COUNT III

### DEFENDANT'S CONTRIBUTORY COPYRIGHT INFRINGEMENT

30. Plaintiff incorporates by reference each and every averment contained in paragraphs 1 through 29 above.

31. On information and belief, Defendant authorized the infringement, or had knowledge of such infringing activity and induced, caused or materially contributed to such activity.

32. Defendant's act constitutes infringement of Plaintiff's registered copyright and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

33. Upon information and belief, the foregoing act of infringement by Defendant has been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

34. As a result of the copyright infringement described above, Plaintiff is entitled to relief including, but not limited to, injunctive relief, actual or statutory damages, statutory costs, attorney's fees, pre-judgment interest and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Preliminarily and permanently enjoin Defendant, his agents, servants, employees, successors and assigns from:

    (a) copying, publishing or making any unauthorized use of the Image, in any form, including but not limited to print or electronic use;

    (b) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any promotional material bearing any simulation, reproduction, counterfeit, or copy of the Image; and

    (c) using any simulation, reproduction, counterfeit, or copy of the Image, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or service of Defendant.

B. Direct Defendant to deliver for destruction all products, magazines, signs, prints, packages, wrappers, receptacles, digital files and advertisements in his possession or under his control, bearing the Image, or any simulation, reproduction, counterfeit, or copy, and all plates, molds, matrices and other means of making the same.

C. Direct Defendant to account for and relinquish to Plaintiff all gains, profits, and advantages derived by Defendant through his infringement of Plaintiff's copyright.

D.  Alternatively, direct Defendant to pay to Plaintiff such damages, including statutory damages of up to $150,000 per Image, as Plaintiff is entitled to as a consequence of Defendant's infringement of Plaintiff's copyright in its Image.

E.  Award to Plaintiff the costs of this action together with attorney's fees.

F.  Award to Plaintiff pre-judgment interest and post-judgment interest on the amount of the award to Plaintiff; and

G.  Award to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: March 2, 2010
New York, New York

COWAN DeBAETS ABRAHAMS & SHEPPARD LLP

By: _____
Matthew A. Kaplan
Nancy E. Wolff
41 Madison Avenue, 34th Floor
New York, New York 10010
Tel: (212) 974-7474

*Attorneys for Plaintiff Masterfile Corporation*